

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alex Jung
County Attorney
Gillespie County
Fredericksburg, Texas

Dear Sir:

Opinion No. 0-5073
Re: Registrations of marks and
brands.

Your request for an opinion upon certain questions relative to the above subject has been received and carefully considered by this department.

Restated, your first interrogations are: (1) Does a person who brands his sheep and goats by the use of the same but smaller figure than is used to brand his cattle, violate Article 1484, Penal Code, as using more than one brand, when the brand is placed upon a different part of the body of the sheep and goats than is placed upon the cattle? (2) Is it lawful for the county clerk to designate on record the different parts of the bodies of various classes of animals upon which the brand is to be used? (3) May two persons register the same figure as a brand if placed at different points on the animals' bodies?

Article 6890, Vernon's Texas Civil Statutes, provides as follows:

"Every person who has cattle, hogs, sheep or goats shall have an ear mark and brand differing from the ear mark and brand of his neighbors, which ear mark and brand shall be recorded by the county clerk of the county where such animals shall be. No person shall use more than one brand, but may record his brand in as many counties as he deems necessary."

Article 1486 of the Penal Code provides:

"Any county clerk who shall record any brand when the person having the same recorded fails to

designate the part of the animal upon which the
same is to be placed shall be fined not less than
ten nor more than fifty dollars."

The last quoted article is an extraction from the
Act of March 23, 1874, (Gen. Laws, 14th Leg., p. 45, sec. 42).
Section 20 of this Act required the party having a brand re-
corded to designate the part of the animal upon which the brand
would be placed. Although this section was omitted when the
statutes were revised, the courts have held that it is plain,
from reading Article 1486, supra, that the record of a brand
to be legal, the recorder must designate the part of the animal
upon which the brand is to be placed. Harvell v. State, 2 S.W.
606. The court in the case of Reese v. State, 43 Tex. Cr. R.
539, 67 S.W. 325, sustained the contention that a recorded
brand designated as a figure either on the hip or side of an
animal violated our penal statutes providing that no person
shall have more than one brand and providing an offense for
any county clerk to record any brand unless the part of the
animal upon which the same is to be placed is designated. Ac-
cord: Steed v. State, 43 Tex. Cr. R. 567, 67 S.W. 330. In
the light of these cases, we agree with the court in Preismuth
v. State, 1 Tex. Ct. of Civ. App. R. 580, where it stated that
the law seems to make the particular portion of the animal
upon which the brand is to be placed equally as important as
the letters or characters used in the brand itself.

These authorities in effect hold that a figure lo-
cated on different parts of an animal's body is not a brand
that can be properly recorded in accordance with the provi-
sions of our marks and brands statutes. Further, that such a
recordation is in violation of our penal statutes, one of which
is that no person shall have in use more than one brand. In
other words, the same figure at different locations on the
animal's body is not one brand but several brands. Therefore,
we agree with the conclusion reached in Opinion No. O-1114,
the soundness of which you questioned, in which we held that
two persons may have the same figure as a brand if placed at
different points on the animals' bodies.

We are of the opinion that the location of a brand
should be the same notwithstanding the class of animals an
individual possesses. We have found no authority directly
supporting this contention, however Article 6890, supra, in
providing that an individual should have in use only one brand

speaks of a person who has cattle, hogs, sheep and goats. There is no inference or reference whatsoever that each person may have a brand for each class of animals he owns. Considering this fact in connection with what we have said as to the importance of the location of the brand, we feel constrained to hold that the figure and location of the brand should be the same notwithstanding the various classes of animals an individual has. To substantiate this conclusion, if need be, we refer to the cases of McGrew v. State, 20 S. W. 740, and Ledbetter v. State, 32 S. W. 903, wherein the courts held that our statutes do not require the recorder to designate upon which class of animals the brand is to be used. This is indicative that the same brand, figure and location, is to be used by a person on all his animals, for if not, the recorder should show each class designation so the purpose of the registration statutes would be fulfilled.

Although it is our opinion a person is using more than one brand when he brands his cattle with the same figure on a different body point than he brands his sheep and goats, we do not believe such a person in so doing would be violating Article 1484, Penal Code, which provides:

"Whoever in originally branding or marking cattle uses more than one mark or brand shall be fined not less than twenty-five nor more than one hundred dollars for each animal so branded or marked."

It will be noticed that the above statute speaks of using more than one brand with reference only to cattle. This statute was part of section 41 of Acts of August 23, 1876. As to the scope of this Act, we find therein the following provision:

". . . provided this Act shall not be so construed as to include sheep, goats, swine or hides of either. . . ."

Therefore, it can safely be said that Article 1484, supra, applies only to cattle, and one who uses a different brand on his sheep and goats than on his cattle is not subject to prosecution thereunder.

Insofar as the county clerk recording different brands for an individual on his various classes of animals, we have

found no provision or statute which would make it unlawful for him to do so.

The foregoing conclusions have been reached only after each issue presented was carefully studied and considered. You have argued that by allowing two persons to use the same figure for a brand but at different points on the animals' bodies will create confusion; an example submitted was if the figure was placed "2 inches left of center of right shoulder." This would cause confusion to the recorder, we admit, but if one figure is designated as on the hip, shoulder or side, and the plan is logically carried forth by parts of the animal and not by decimal measurements, we can see no great cause for alarm.

You have pointed out and we have considered the impractibility of requiring a brand to be placed on the same body point of sheep and goats as is placed on cattle. This impractibility has arisen because our marks and brands statutes have not been followed. As queer as it may appear, it seems that it was the intention of the Legislature in enacting our civil statutes on marks and brands that cattle should be marked and branded but that hogs, sheep and goats should only be marked. We arrive at this conclusion after reading the original act from which our present civil statutes were derived, this being the Acts of 1848, p. 156. This Act after providing for persons to have different brands and marks specified that cattle should be ear-marked or branded before twelve months old and hogs, sheep and goats shall be marked before six months old. Also see Article 6896, Revised Civil Statutes. Our courts recognize the distinction between marks and brands. Johnson vs. State, 1 Tex. App. 333.

We have also noticed that House Bill 170 (now Article 6899-1) requires that in recording tattoo marks there should be a designation of the types of animals upon which the marks are to be used. You have suggested that such a procedure should be followed with our ear-marks and brands. Although conceding such a method of recording would be more nearly proper, such a change would have to be accomplished by legislative action. Furthermore, we cannot say that the Legislature intended that the procedure prescribed for recording tattoo marks should be followed in recording marks and brands, for by a specific provision in House Bill 170, nothing therein affects our marks and brands records.

Honorable Alex Jung, page 5

We quote in part from your letter with reference to your next group of interrogatories:

"(a) Does the application of a figure in paint on an animal constitute branding?

"(b) Is the owner restricted to the use of the same figure as registered when he uses paint?

"(c) Is he restricted to the same point on the body of the animal as shown by the record when applying paint?"

Although we have found no Texas cases as to what our statutes mean by "branding," we believe the court in the case of Churchill v. Georgia Railroad & Banking Co., 108 Ga. 265, 33 S. E. 972, very aptly stated the meaning of "brands" and "marks" as used in our statutes when it said:

". . . The word 'brand' indicates some figure or device burned upon the animal by a hot iron, and the word 'mark' indicates generally some change made in some part of the animal by a knife or other means, -- such as boring or slitting the ear. The 'brand' is more commonly used upon some animals as a means of identification, -- such as horses, mules, and the like; while others are generally identified by 'marks' made by knife cuts in the ear, -- such as cattle, hogs, and the like. . . ."

Accord: Polloch v. Kansas City, 87 Kan. 205, 123 P. 985; 42 L. R. A. (N. S.) 465.

We therefore answer these questions in the negative.

For the next series of questions, we quote from your letter as follows:

"(a) Is it a violation of Art. 1484, supra, for one to place in the ear of an animal a tattoo mark and additionally another of the commonly used ear marks which such person has recorded?

"(b) May the tattoo mark shown by the certificate mentioned in Sec. 9 of Art. 6899-1, Civ. St.,

342

be recorded by the County Clerk in the same book kept for the purpose of recording marks and brands under said H. B. 170 (Art. 6899)?

"(c) Is it permissible for the County Clerk to keep a separate record of such tattoo marks?"

It is our opinion that House Bill 170 provides a new and distinct method of identification. For numerous reasons we do not believe Article 1484, supra, would be violated if a person ear-marked and tattooed the same animal. Ear-marks and tattoo marks are two distinct methods of identification, as different as marks and brands. Article 1484, supra, speaks only of cattle and brands and ear-marks, while House Bill 170 deals only with tattoo marking of hogs, sheep and goats; in other words, Article 1484 deals with a different class of animals and a different type of identification from that referred to in House Bill 170.

House Bill 170 provides that copies of these tattoo marks should be filed in the county clerk's office of the county of the applicant's residence in a regular book for that purpose. Although it appears to have been the intention of the Legislature that the tattoo marks should be kept on record in a separate book, we see no harm and think it permissible to record these tattoo marks in the same book with marks and brands, provided the tattoo marks are properly segregated and titled so as to prevent confusion as to the nature of the marks.

For your last question, we again quote from your request:

"Does the record-owner of a brand (figure) have priority upon re-registration where the record does not disclose the point on the body of the animal where the brand is to be placed?"

We answer this question in the negative. As pointed out in the case of Harvell v. State, supra, in order to have a legal brand, the recorder of the brand must designate the portion of the animal upon which the figure is to be placed. Without such a designation, the mark or figure is not a legally recorded brand, the type our re-recording statute gives priority

Honorable Alex Jung, page 7


or preference to re-record. Therefore, a person, who has on record a figure with no indication as to where it is to be placed on the animal, has no preferential right to have it re-recorded under our new recording statute.

    We trust the foregoing fully answers your questions.

                                        Yours very truly

                                        ATTORNEY GENERAL OF TEXAS

                                        By _____
                                            Robert O. Koch
                                            Assistant

ROK:db